# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMIEL A. KANDI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MANAGEMENT AND TRAINING CORPORATION, et al.,<br><br>　　　　　Defendants. | Case No.  1:16-cv-00794-AWI-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PERMISSION TO SUBMIT ADMINISTRATIVE REMEDY EXHIBITS TO THE COURT PRIOR TO THE COURT'S SCREENING OF PLAINTIFF'S COMPLAINT<br><br>(ECF No. 16) |

　　　　Plaintiff Emiel A. Kandi ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983.[1] Plaintiff initiated this action on June 8, 2016. (ECF No. 1.)

　　　　On September 2, 2016, Plaintiff filed the instant motion, requesting permission to submit administrative remedy exhibits to the Court in support of his complaint. (ECF No. 16.) Plaintiff states that the exhibits are in excess of 468 pages, and that they are vital evidence that he has fully complied with the requirements of the administrative appeals process. (*Id.*) Plaintiff also asserts that the exhibits will assist the Court in screening his complaint. (*Id.*)

　　　　As explained in the First Informational Order issued on June 9, 2016, the Court will not

---

[1] Plaintiff's complaint has not yet been screened, but the court takes judicial notice that Plaintiff has filed his complaint in part under 42 U.S.C. § 1983. Generally, suits against federal officers for the violation of constitutional rights should be filed under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

1

serve as a repository for the parties' evidence. (ECF No. 6.) Evidence, such as prison or medical records and inmate appeals, need not be submitted until it becomes necessary to do so in connection with a motion for summary judgment, trial or the Court requests otherwise. (*Id.*) At this point, the submission of evidence is unnecessary, as Plaintiff is only required to state a prima facie claim for relief.

Furthermore, the Court has not screened Plaintiff's complaint under 28 U.S.C. § 1915A(a). If, upon screening, Plaintiff has not stated any cognizable claims, but may be able to do so through amendment, his Complaint will be dismissed with leave to amend. If Plaintiff feels compelled to submit exhibits with any such amended complaint, he is reminded that such exhibits must be attached to the complaint and must be incorporated by reference. Fed. R. Civ. Pro. 10(c). However, as the Court must assume that Plaintiff's factual allegations are true for screening purposes, it is generally unnecessary to submit exhibits in support of the allegations of the complaint. Plaintiff's complaint will be screened in due course.

Accordingly, Plaintiff's motion for permission to submit administrative remedy exhibits prior to the Court's screening of his complaint is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **January 3, 2017**              /s/ *Barbara A. McAuliffe*
                                          UNITED STATES MAGISTRATE JUDGE