# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMIEL A. KANDI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MANAGEMENT & TRAINING<br>CORPORATION, et al.,<br><br>　　　　　Defendants. | Case No. 1:16-cv-00794-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE AS MOOT<br>(ECF No. 20)<br><br>ORDER GRANTING PLAINTIFF'S MOTIONS FOR LEAVE TO FILE AN AMENDED, SUPERSEDING AND OVERSIZED VERIFIED COMPLAINT, AND DIRECTING CLERK OF COURT TO FILE FIRST AMENDED COMPLAINT<br>(ECF Nos. 21, 22)<br><br>SCREENING ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND<br>(ECF No. 23)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Emiel A. Kandi ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983.[1] Plaintiff initiated this action on June 8, 2016. (ECF No. 1.) On February 8, 2017, Plaintiff filed a request for judicial notice regarding

---
[1] Plaintiff purports to bring his complaint in part under 42 U.S.C. § 1983. As Plaintiff has previously been informed and as discussed in greater detail below, suits against federal officers for the violation of constitutional rights should be brought under <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).

1

various cases decided in this Court and the Ninth Circuit. (ECF No. 20.) On May 1, 2017, prior to the Court screening the original complaint, Plaintiff filed a motion for leave to file an amended and superseding verified complaint and a motion for leave to file an oversized amended and superseding verified complaint. (ECF Nos. 21, 22.) Plaintiff also lodged a first amended complaint and attachments totaling more than six hundred (600) pages. (ECF No. 23.)

Plaintiff's motions for leave to file an amended complaint and for leave to file an oversized amended complaint are HEREBY GRANTED. The Clerk of the Court is directed to file Plaintiff's first amended complaint on the docket, and it is currently before the Court for screening.

## I.     Request for Judicial Notice

In support of his original complaint, Plaintiff requests that the Court take judicial notice of Torres-Ramirez v. Benov, No. 1:13-cv-01165 LJO MJS (HC), 2013 WL 6798948 (E.D. Cal. Dec. 20, 2013); Valenzuala v. Benov, No. 1:13-cv-00480 LJO MJS (HC), doc. 15, filed on November 21, 2013, adopted December 16, 2013, appeal dismissed, doc. 26, filed March 10, 2014;[2] Kasirem v. Benov, No. 1:13-cv-01026 LJO MJS (HC), 2013 WL 6798945 (E.D. Cal. Dec. 20, 2013); and Arredondo-Virula v. Adler, 510 Fed. Appx. 581 (9th Cir. 2013), as well as the Court's "First Informational Order in Prisoner/Civil Detainee Case, (ECF No. 6). (ECF No. 20.)

Plaintiff asserts that these cases found that Management and Training Corporation was a private corporation rather than a government entity, and thus not entitled to discipline inmates or entitled to qualified immunity. (Id., pp. 1–2.) Plaintiff argues that none of the defendants are governmental entities or officers or employees of a governmental entity, and therefore his complaint should not be subject to screening. (Id., p. 3.) Plaintiff requests that the Court expedite his case and order service of the summons and complaint on all defendants. (Id., pp. 1, 3.)

Subsequent to filing his request for judicial notice, Plaintiff filed his motion for leave to file an amended complaint. Plaintiff's first amended complaint includes additional defendants

///

---

[2] The Court may take judicial notice of court records. Fed. R. Evid. 201(b); United States v. Bernal–Obeso, 989 F.2d 331, 333 (9th Cir. 1993); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir. 1981). The Court will take judicial notice of its own dockets.

and additional causes of action.³ (ECF No. 21.) Among the additional named defendants are Loretta Lynch, former Attorney General; the United States Bureau of Prisons; the United States Department of Justice; and the United States of America. (ECF No. 23, pp. 13–14.) As Plaintiff now "seeks redress from a governmental entity or officer or employee of a governmental entity," 28 U.S.C. § 1915A, aside from Management and Training Corporation and its officers and employees, Plaintiff's arguments are inapposite. Accordingly, Plaintiff's request for judicial notice is HEREBY DENIED as moot, and the Court will proceed with screening of the first amended complaint.

**II. Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678, quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 556 U.S. at 678, quoting Twombly, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. Iqbal. at 678; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009); Twombly, 550 U.S. at 556–57.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," Al-Kidd v. Ashcroft, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally

---

³ As discussed below, Plaintiff may not add additional defendants and additional claims in violation of Federal Rules of Civil Procedure 18 and 20. If Plaintiff wishes to litigate new and unrelated claims, his recourse is to file a new action.

3

and are afforded the benefit of any doubt. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

### III. Plaintiff's Allegations

Plaintiff is currently incarcerated at Lompoc Federal Correctional Institution in Lompoc, California. The events in the first amended complaint are alleged to have occurred while Plaintiff was incarcerated at Taft Correctional Institution in Taft, California.

The complaint is one hundred and thirteen (113) pages in length, names forty-two (42) defendants and ninety-nine (99) Doe defendants, and includes thirteen (13) causes of action. The Court declines to expend its limited resources to review and summarize Plaintiff's allegations since the complaint violates Rules 8 and 18, as discussed further below.

In light of Plaintiff's pro se status, the Court will provide the legal standards for the claims it appears he is attempting to state and will be granted leave to file a second amended complaint that is **no more than twenty-five (25) pages long**.

### IV. Pleading Requirements

#### A. Bivens Actions

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Va. Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393–94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

Actions under Bivens v. Six Unknown Agents of Fed. Bureau of Narcotis, 403 U.S. 388 (1971) and actions under 42 U.S.C. § 1983 "are identical save for the replacement of a state actor under § 1983 by a federal actor under Bivens." Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991). Under Bivens, a plaintiff may sue a federal officer in his or her individual capacity for damages for violating the plaintiff's constitutional rights. See Bivens, 403 U.S. at 397. To state a claim a plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that the alleged violation was committed by a federal actor.

In this case, Plaintiff does not sue any individuals acting under the color of state law, but instead sues certain employees of the Federal government and other people. As a result, § 1983 has no application to this case.

**B. Doe Defendants**

Plaintiff names Does 1–99 as defendants. "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Plaintiff is advised that John Doe or Jane Doe defendants (i.e., unknown defendants) cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute names for John Doe or Jane Doe.

**C. Federal Rule of Civil Procedure 8(a)**

Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.

Violations of Rule 8, at both ends of the spectrum, warrant dismissal. A violation occurs when a pleading says too little—the baseline threshold of factual and legal allegations required was the central issue in the Iqbal line of cases. See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 678

(2009). The Rule is also violated, though, when a pleading says *too much*. Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058 (9th Cir.2011) ("[W]e have never held -- and we know of no authority supporting the proposition—that a pleading may be of unlimited length and opacity. Our cases instruct otherwise.") (citing cases); see also McHenry v. Renne, 84 F.3d 1172, 1179–80 (9th Cir.1996) (affirming a dismissal under Rule 8, and recognizing that "[p]rolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges"). Plaintiff's complaint is not short and plain. Plaintiff's complaint violates Rule 8 because Plaintiff details all grievances he feels occurred during his time at Taft Correctional Institution.

If he chooses to file a second amended complaint, Plaintiff should endeavor to make it as concise as possible in **no more than twenty-five (25) pages**. He should merely state which of his constitutional rights he feels were violated by each Defendant and its factual basis. Plaintiff need not and should not cite legal authority for his claims in a second amended complaint. His factual allegations are accepted as true and need not be bolstered by legal authority at the pleading stage. If Plaintiff files a second amended complaint, his factual allegations will be screened under the legal standards and authorities stated in this order.

### D. Federal Rules of Civil Procedure 18(a) & 20(a)(2)

"A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or alternate claims, as many claims, legal, equitable or maritime, as the party has against an opposing party." Fed. R. Civ. P. 18(a). However, Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim(s) arise out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Ins. Co. of N. Am., 623 F.3d 1371, 1375 (9th Cir. 1980). Only if the defendants are properly joined under Rule 20(a) will the Court review the extraneous claims to determine if they may be joined under Rule

18(a), which permits the joinder of multiple claims against the same party.

The Court must be able to discern a relationship between Plaintiff's claims or there must be a similarity of parties. The fact that all of Plaintiff's allegations are based on the same type of constitutional violation (i.e. deliberate indifference to different medical issues) does not necessarily make claims related for purposes of Rule 18(a); nor are Plaintiff's claims all related because he feels the Warden, or other supervising personnel failed to properly train or supervise all of the culpable actors.

All claims that do not comply with Rules 18(a) and 20(a)(2) are subject to dismissal. Plaintiff is cautioned that if his amended complaint sets forth improperly joined claims, the Court will determine which claims may proceed and which claims will be dismissed. Visendi v. Bank of Am., N.A., 733 F3d 863, 870–71 (9th Cir. 2013). Whether any claims will be subject to severance by future order will depend on the viability of the claims raised in the second amended complaint.

### E. Linkage and Causation

Plaintiff is a federal prisoner, who appears to bring at least some claims against employees of the Federal government in this suit. Pursuant to Bivens, under limited circumstances, federal actors can be liable for a violation of an individual's civil rights. Minneci v. Pollard, 565 U.S. 118, 122–23 (2012). Plaintiff may sue individual prison employees for damages under Bivens, but he must link each named defendant to a violation of his constitutional rights; there is no respondeat superior liability under Bivens. Iqbal, 556 U.S. at 676–77; Starr v. Baca, 652 F.3d 1202, 1205–08 (9th Cir. 2011), cert. denied, 132 S. Ct. 2101 (2012); Serra v. Lappin, 600 F.3d 1191, 1200 (9th Cir. 2010).

Plaintiff must clearly state which defendant(s) he feels are responsible for each violation of his constitutional rights and their factual basis, as his complaint must put each defendant on notice of Plaintiff's claims against him or her. See Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004).

### V. Discussion

In the paragraphs that follow, the Court will provide Plaintiff with the legal standards that

appear to apply to his claims. Plaintiff should carefully review the standards and amend only those claims that he believes, in good faith, are cognizable.

### A. Eleventh Amendment Immunity

A plaintiff may not sustain a <u>Bivens</u> action against any defendant in his or her official capacity. <u>Mayer v. Redix</u>, 2012 WL 360202, at *11 (E.D. Cal. Feb. 2, 2012). The Eleventh Amendment provides immunity to the federal government in any type of lawsuit " . . . in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend XI. Therefore, a plaintiff may only maintain an action against a defendant in their official capacity where the United States waives sovereign immunity. <u>Nurse v. United States</u>, 226 F.3d 996, 1004 (9th Cir. 2000).

### B. Supervisory Liability

Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. <u>Iqbal</u>, 556 U.S. at 676–77; <u>Simmons v. Navajo Cty., Ariz.</u>, 609 F.3d 1011, 1020–21 (9th Cir. 2010); <u>Ewing v. City of Stockton</u>, 588 F.3d 1218, 1235 (9th Cir. 2009); <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002). "In a § 1983 suit or a <u>Bivens</u> action—where masters do not answer for the torts of their servants—the term 'supervisory liability' is a misnomer." <u>Iqbal</u>, 556 U.S. at 677.

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989); accord <u>Starr</u>, 652 F.3d at 1205–06; <u>Corales v. Bennett</u>, 567 F.3d 554, 570 (9th Cir. 2009). Thus, a supervisor's participation can include his "own culpable action or inaction in the training, supervision, or control of his subordinates," "his acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." <u>Starr</u>, 652 F.3d at 1205–06. Supervisory officials "cannot be held liable unless they themselves" violated a constitutional right. <u>Iqbal</u>, 556 U.S. at 676.

### C. Liability Against BOP

Plaintiff names the United States Bureau of Prisons as a defendant. Plaintiff may not pursue a claim against a federal agency under <u>Bivens</u>. <u>FDIC v. Meyer</u>, 510 U.S. 471, 486 (1994);

see also Ibrahim v. Dep't of Homeland Sec., 538 F.3d 1250, 1257 (9th Cir. 2008) ("no Bivens-like cause of action is available against federal agencies or federal agents sued in their official capacities").

### D. Access to Courts

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). However, the right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. Further, in order to state a claim for the denial of court access, a prisoner must establish that he suffered an actual injury. Id. at 349. "[A]ctual injury [is] actual prejudice with respect to contemplated or existing litigation, such as the ability to meet a filing deadline or to present a claim." Id. at 348. The prisoner "must identify a 'nonfrivolous,' 'arguable' underlying claim" and the specific remedy he lost, in order to give the defendant fair notice of his allegations. Christopher v. Harbury, 536 U.S. 403, 415 (2002) (quoting Lewis, 518 U.S. at 353, 353 n.3).

### E. Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005).

### F. Grievance Procedure

The existence of an inmate appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that he was denied a particular result or that the appeals process was deficient. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Plaintiff must demonstrate personal involvement in the underlying violation of his rights, Iqbal, 556 U.S. at 677; Jones, 297 F.3d at 934, and liability may not be based merely on Plaintiff's dissatisfaction with the administrative process or a decision on an appeal, Ramirez, 334 F.3d at 860; Mann, 855 F.2d at 640.

///

### G. Cruel and Unusual Punishment

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the "minimal civilized measure of life's necessities," and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). In order to find a prison official liable under the Eighth Amendment for denying humane conditions of confinement within a prison, the official must know "that inmates face a substantial risk of serious harm and disregard [ ] that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994).

### H. Deliberate Indifference to Serious Medical Needs

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons, 609 F.3d at 1018. "Deliberate indifference is a high legal standard." Id. at 1019; Toguchi, 391 F.3d at 1060. The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer, 511 U.S. at 837. Mere difference of medical opinion is insufficient to state a claim for deliberate indifference. Toguchi, 391 F.3d at 1058.

### I. Conspiracy

An actionable Bivens conspiracy claim requires (1) the existence of an express or implied agreement among the defendants to deprive the plaintiff of his constitutional rights, and (2) an

actual deprivation of those rights resulting from that agreement. Ting v. United States, 927 F.2d 1504, 1512 (9th Cir. 1991). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1541 (9th Cir. 1989)).

### J. Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes, 408 F.3d at 567–68; accord Watison v. Carter, 668 F.3d 1108, 1114–15 (9th Cir. 2012); Silva, 658 F.3d at 1104; Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

### K. State Law Claims

Under 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," except as provided in subsections (b) and (c). The Supreme Court has stated that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).

Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. 28 U.S.C. § 1367. The Court will not address Plaintiff's state law claims unless and until he states a cognizable claim for relief under federal law.

Plaintiff is further informed that under California law, the Government Claims Act requires exhaustion of those claims with the California Victim Compensation and Government Claims Board, and Plaintiff is required to specifically allege compliance in his complaint. Shirk

v. Vista Unified Sch. Dist., 42 Cal.4th 201, 208–09 (Cal. 2007); State v. Superior Court of Kings Cnty. (Bodde), 32 Cal. 4th 1234, 1239 (Cal. 2004); Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001); Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995); Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988).

### L. Intentional Infliction of Emotional Distress

Under California law, the elements of intentional infliction of emotional distress are: "(1) outrageous conduct by the defendant, (2) intention to cause or reckless disregard of the probability of causing emotional distress, (3) severe emotional suffering, and (4) actual and proximate causation of the emotional distress." Wong v. Tai Jing, 189 Cal. App. 4th 1354, 1376 (2010) (quoting Agarwal v. Johnson, 25 Cal. 3d 939, 946 (1979)). Conduct is "outrageous if it is 'so extreme as to exceed all bounds of that usually tolerated in a civilized community.'" Simo v. Union of Needletrades, Indus. & Textile Emps., 322 F.3d 602, 622 (9th Cir. 2002) (quoting Saridakis v. United Airlines, 166 F.3d 1272, 1278 (9th Cir. 1999)). The emotional distress must be "of such a substantial quantity or enduring quality that no reasonable man in a civilized society should be expected to endure it." Id.

### M. Disciplinary Proceedings

Generally, prisoners may not challenge the fact or duration of their confinement in a § 1983 action or under Bivens, and their sole remedy lies in habeas corpus relief. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). Often referred to as the favorable termination rule or the Heck bar, this exception bars suits by prisoners that "seek to invalidate the duration of their confinement-either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." Wilkinson, 544 U.S. at 81 (emphasis in original); Heck v. Humphrey, 512 U.S. 477, 486–87 (1994) (precluding § 1983 claims which, if successful, "would necessarily imply the invalidity" of an inmate's conviction or sentence). As such, a prisoner's § 1983 action or claim under Bivens "is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison

proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson, 544 U.S. at 81–82 (emphasis in original). The favorable termination rule applies to prison disciplinary proceedings if those proceedings resulted in the loss of good-time or behavior credits. Edwards v. Balisok, 520 U.S. 641, 646–48 (1997).

### N. Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne, Tex. v. Cleburne Living Ctr, 473 U.S. 432, 439 (1985); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by showing that Defendants intentionally discriminated against Plaintiff based on his membership in a protected class, Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702–03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), Lee v. City of L.A., 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently, Engquist v. Or. Dep't of Agr., 553 U.S. 591, 601–02 (2008); Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); N. Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

### O. First Amendment – Free Exercise

The First Amendment guarantees the right to the free exercise of religion. Cruz v. Beto, 405 U.S. 319, 323 (1972). "The free exercise right, however, is necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security." O'Lone v. Shabazz, 482 U.S. 342, 348 (1987); Turner v. Safley, 482 U.S. 78 (1987). In order to establish a free exercise violation, a prisoner must show a defendant substantially burdened the practice of his religion without any justification reasonably related to legitimate penological interests. See Shakur v. Schriro, 514 F.3d 878, 883–84 (9th Cir. 2008).

## VI. Conclusion and Order

For the reasons set forth above, Plaintiff's first amended complaint is dismissed with leave to file a second amended complaint within **thirty (30) days**. Any such second amended complaint shall not exceed **twenty-five (25) pages** in length, exclusive of exhibits.

Plaintiff is cautioned that he may not change the nature of this suit by adding new,

13

unrelated claims in his second amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. at 676. Plaintiff also must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's request for judicial notice is DENIED as moot;
2. Plaintiff's motion for leave to file an amended and superseding verified complaint (ECF No. 21) is GRANTED;
3. Plaintiff's motion for leave to file an oversized amended and superseding verified complaint (ECF No. 22) is GRANTED;
4. The Clerk of the Court is hereby directed to file Plaintiff's first amended complaint, lodged on May 1, 2017 (ECF No. 23), on the docket;
5. Plaintiff's first amended complaint is dismissed with leave to amend for failure to comply with Federal Rules of Civil Procedure 8, 18, and 20;
6. The Clerk's Office shall send Plaintiff a complaint form;
7. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint or a notice of voluntary dismissal; and

////

////

////

////

////

8. **If Plaintiff fails to file a second amended complaint or a notice of voluntary dismissal in compliance with this order, the Court will dismiss this action, with prejudice, for failure to state a claim and for failure to obey a court order.**

IT IS SO ORDERED.

Dated: **May 12, 2017**          /s/ *Barbara A. McAuliffe*
                                            UNITED STATES MAGISTRATE JUDGE