# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMIEL A. KANDI,<br><br>        Plaintiff,<br><br>    v.<br><br>MANAGEMENT AND TRAINING CORPORATION, et al.,<br><br>        Defendants. | Case No. 1:16-cv-00794-AWI-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO INTRODUCE RELEVANT EVIDENCE PRIOR TO SCREENING<br><br>(ECF No. 29) |

Plaintiff Emiel A. Kandi ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.[1] Plaintiff initiated this action on June 8, 2016. (ECF No. 1.)

On August 25, 2017, Plaintiff filed the instant motion seeking to introduce relevant evidence prior to the screening of the second amended complaint. (ECF No. 29.) Plaintiff states that the sworn affidavit and attached exhibits are newly discovered and relevant evidence in this case, and make clear the truth of his claims. (Id.)

As explained in the First Informational Order issued on June 9, 2016, and in the Court's January 3, 2017 order denying Plaintiff's motion for permission to submit administrative remedy

---

[1] Plaintiff's second amended complaint has not yet been screened, but the Court takes judicial notice that Plaintiff has filed his complaint in part under 42 U.S.C. § 1983. Generally, suits against federal officers for the violation of constitutional rights should be filed under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

1

exhibits, the Court will not serve as a repository for the parties' evidence. (ECF No. 6, p. 3.) Evidence, such as prison or medical records and inmate appeals, need not be submitted until it becomes necessary to do so in connection with a motion for summary judgment, trial, or the Court requests otherwise. (Id.) At this point, the submission of evidence is unnecessary, as Plaintiff is only required to state a prima facie claim for relief.

Furthermore, the Court has not screened Plaintiff's second amended complaint under 28 U.S.C. § 1915A(a). If, upon screening, Plaintiff has not stated any cognizable claims, but may be able to do so through amendment, the operative complaint will be dismissed with leave to amend. If Plaintiff feels compelled to submit exhibits with any such amended complaint, he is reminded that such exhibits must be attached to the complaint and must be incorporated by reference. Fed. R. Civ. P. 10(c). However, as the Court must assume that Plaintiff's factual allegations are true for screening purposes, it is generally unnecessary to submit exhibits in support of the allegations of the complaint. Plaintiff's second amended complaint will be screened in due course.

Accordingly, Plaintiff's motion to introduce relevant evidence prior to screening, (ECF No. 29) is HEREBY DENIED.

IT IS SO ORDERED.

Dated: **September 19, 2017**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE