1

2

3

4

5

6

7

8        **UNITED STATES DISTRICT COURT**

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   EMIEL A. KANDI,                              Case No.  1:16-cv-00794-AWI-BAM (PC)

12              Plaintiff,                        ORDER DENYING MOTION FOR STAY OF
                                                  PROCEEDINGS
13        v.
                                                  (ECF No. 31)
14   MANAGEMENT AND TRAINING
     CORPORATION, et al.,
15
                Defendants.
16

17        Plaintiff Emiel A. Kandi ("Plaintiff") is a federal prisoner proceeding pro se and in forma

18   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.[1]

19        On November 30, 2017, Plaintiff filed a motion to stay all proceedings in this matter due

20   to an impending institutional transfer to an unknown location.  (ECF No. 31.)  Plaintiff does not

21   specify when this transfer will take place, but requests that the Court stay any further proceedings

22   until notified by Plaintiff of his new address.  Plaintiff further requests that the Clerk of the Court

23   hold all mailing to him until notified of Plaintiff's new address, and states that all of his legal files

24   and materials have been packed for transport and are unavailable.  (Id.)

25        The district court "has broad discretion to stay proceedings as an incident to its power to

26   _____

27   [1] Plaintiff's second amended complaint has not yet been screened, but the Court takes judicial
     notice that Plaintiff has filed his complaint in part under 42 U.S.C. § 1983.  Generally, suits
     against federal officers for the violation of constitutional rights should be filed under Bivens v.
28   Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

                                                  1

control its own docket." <u>Clinton v. Jones</u>, 520 U.S. 681, 706 (1997) (citing <u>Landis v. N. Amer.</u> <u>Co.</u>, 299 U.S. 248, 254 (1936)).  The party seeking the stay bears the burden of establishing the need to stay the action.  <u>Clinton</u>, 520 U.S. at 708.

Plaintiff has not met his burden of establishing the need to stay this action.  Plaintiff appears to be concerned about missing mail from the Court related to this case while he is in transit, but he has not provided any indication of the extent of the requested stay, including his anticipated dates of transport.  This action is currently in the screening stage, and the Court will screen Plaintiff's second amended complaint in due course.  Nevertheless, Plaintiff should promptly inform the Court of his new address, as required by the Local Rules, so that he does not miss any communications pertaining to this matter.  Plaintiff is further informed that he has nothing due at this time.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for stay of proceedings (ECF No. 31), is DENIED.

IT IS SO ORDERED.

Dated:  __December 1, 2017__          _____/s/ Barbara A. McAuliffe_____
                                        UNITED STATES MAGISTRATE JUDGE